UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **Michael Fafard,** *Plaintiff,* v. **Enhanced Recovery Company, LLC,** *Defendant.* | Case No.: _____<br><br>Ad Damnum: **$1,000 + Atty Fees & Costs**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Michael Fafard**, ("**Mr. Fafard**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Enhanced Recovery Company, LLC ("ERC")**, stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Fafard against ERC for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction for Mr. Fafard's FDCPA claims arises under 15 U.S.C. § 1692k(d) and this Court's Federal Question Jurisdiction under 28 U.S.C. § 1331.

3. ERC is subject to the provisions of the FDCPA and is subject to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and Section 48.193, Florida Statutes.

4. Venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES

### Mr. Fafard

5. **Mr. Fafard** is a natural person residing in Kissimmee, Florida, and a *Consumer* under the FDCPA, 15 U.S.C. § 1692a(3).

### ERC

6. **ERC** is a Delaware limited liability company with a primary business address of **8014 Bayberry Rd., Jacksonville, FL 32256.**

7. ERC's Florida registered agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

8. ERC is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. §1692a(6), in that it uses postal mail or another instrumentality of interstate commerce, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

### The Debt

9. Around November 2013, Mr. Fafard allegedly incurred a $207 debt (the "**Debt**") relating to a cable television bill from Bright House Networks LLC ("Bright House").

10. The Debt arose from personal, family, and household purposes, specifically a bill for household cable television and internet services, and thus meets the definitions of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5).

11. In early 2014, Bright House charged off the Debt as uncollectable.

12. Bright House was the entity to whom the Debt was originally alleged owed, and therefore is the original creditor of the Debt.

### Charter Acquires Bright House Networks in 2016

13. In May 2016, more than two years after the Debt was charged off, Bright House was purchased by Charter Communications.

14. Prior to the purchase by Charter Communications, Bright House billed for its services under the name "Bright House Networks."

15. Prior to the purchase by Charter Communications, Bright House advertised itself to the public with a distinctive logo incorporating its name. **SEE PLAINTIFF'S EXHIBIT A.**

16. After Charter Communications purchased Bright House, it provided cable and internet services under the brand name "Spectrum."

17. In March 2020, Charter, or an unknown successor-in-interest, transferred, sold, or assigned the Debt to ERC for collection.

18. Upon information and belief, when Charter assigned the debt to ERC, it provided information to ERC including, without limitation, the true name of the *original* creditor of the Debt.

19. On or about May 3, 2020, ERC reported the Debt to Experian, a national credit reporting agency ("**CRA**"). **SEE PLAINTIFF'S EXHIBIT B.**

20. ERC reported that the *original* creditor of the Debt was "CHARTER COMMUNICATIONS." *Id.*

21. Charter Communications is not the original creditor of the Debt and had nothing to do with the Debt beyond purchasing the parent company of Bright House *several years after* the Debt was charged off.

22. An unsophisticated consumer would not recognize a debt reporting "CHARTER COMMUNICATIONS" as the "original" creditor since the Debt was incurred to Bright House, all relevant bills sent by the original creditor bore the Bright House name and logo, and since Bright House was not affiliated with Charter Communications during the consumer's interaction with the company.

23. ERC's failure to accurately report the original creditor would therefore deceive and confuse an unsophisticated consumer, who would believe Charter Communications was the original creditor of the debt alleged owed by him and be placed at a disadvantage in plotting a course of action in response to the reporting of the Debt to Experian.

24. The false representation of the original creditor of an account materially disadvantages an unsophisticated consumer because it greatly impairs their ability to understand, research, and chart a course of action. *See, e.g., Tourgeman v. Collins Fin. Servs., Inc.* 755 F.3d 1109 (9th Cir. 2014) ("We conclude that the misidentification of the original creditor is independently sufficient to constitute a violation of the Act. We are

persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way.")

25. Further, the *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Experian, states that "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original). **SEE PLAINTIFF'S EXHIBIT C.**

26. The *Credit Reporting Resource Guide* instructs debt collectors such as ERC to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

27. Experian requires their furnishers of data, including ERC, to report data in compliance with the *Credit Reporting Resource Guide.*

28. On information and belief, at all times relevant, ERC knew that it was falsely reporting the name of the original creditor to the CRAs.

### ERC's Phone Call with Mr. Fafard

29. On May 7, 2020, Mr. Fafard spoke with an ERC collection agent on the phone.

30. ERC's agent confirmed that the Debt arose from a Bright House bill in 2013.

31. ERC was thus aware of the true name of the original creditor but reported it incorrectly regardless.

32. ERC's agent then attempted to obtain payment of the Debt from Mr. Fafard.

33. The statute of limitations for a legal or equitable action on a contract, obligation, or liability founded on a written instrument is five years in Florida. *See* Fla. Stat. § 95.11(2).

34. On information and belief, the Debt was based on a written agreement.

35. At no point did Mr. Fafard make any new, written, signed agreement to repay the Debt, or otherwise take any other action which could be construed as a waiver of the applicable statute of limitations.

36. As such, the statute of limitations for a legal action to enforce the Debt ran in November 2018, at the latest.

37. However, at no point during the call with Mr. Fafard did ERC's agent disclose that, due to the running of the statute of limitations, Mr. Fafard could not be sued for the Debt.

38. The failure to disclose that a debt is time-barred is materially misleading to a consumer, placing him at a disadvantage in charting a course of action to take in response to the allegation of debt. *See Baez v. LTD Fin. Servs.*, L.P., No. 17-13842 (11th Cir. Dec. 7, 2018); *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 425, 428-30 (3d Cir. 2018); *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679, 684, 687 (7th Cir. 2017); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan v. Northland*

*Group, Inc.*, 776 F.3d 393, 395, 399-400 (6th Cir. 2015); and *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014).

### **ERC Fails to Provide Notice of Rights Per 1692g**

39. At no point did ERC mail any written correspondence to Mr. Fafard stating:

    (a) the amount of the debt;

    (b) the name of the creditor to whom the debt was owed;

    (c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and,

    (e) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. ERC's reports of the Debt to the CRAs and its telephone call with Mr. Fafard were communications as defined by the FDCPA, 15 U.S.C. § 1692a(2).

41. Mr. Fafard has hired the aforementioned law firm to represent him in this matter and has assigned to it his right to fees and costs.

## COUNT I
## VIOLATIONS OF THE FDCPA

42. Mr. Fafard incorporates paragraphs 1 – 41 as if fully restated herein.

43. ERC violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect a debt by: (1) falsely reporting to Experian, a nationwide CRA, that the original creditor of the Debt was Charter Communications, when this was false, and the original creditor was Bright House Networks, and (2) failing to disclose that the Debt was time-barred in collection communications with Mr. Fafard.

44. ERC violated **15 U.S.C. § 1692e(2)(a)** when it made false representations about the character, amount and legal status of a debt by: (1) falsely reporting to Experian, a nationwide CRA, that the original creditor of the Debt was Charter Communications, when this was false, and the original creditor was Bright House Networks, and (2) falsely representing that Mr. Fafard could be sued for the Debt, when it was in fact time barred due to the running of the statute of limitations.

45. ERC violated **15 U.S.C. § 1692e(8)** when it communicated credit information which they knew or should have known was false, specifically by reporting that the original creditor of the Debt was Charter Communications in its reporting to Experian.

46. ERC violated **15 U.S.C. § 1692g(a)** when it failed to mail written notice to Mr. Fafard stating: (a) the amount of the debt; (b) the name of the creditor to whom the

debt is owed; (c) that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (d) that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and, (e) that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47. ERC's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Mr. Fafard respectfully requests that this Honorable Court enter judgment against ERC, and for him for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Fafard demands a jury trial on all issues so triable.

Respectfully submitted on May 12, 2020, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@SeraphLegal.com
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: (813) 567-3434
Fax: (855) 500-0705
*Attorneys for Plaintiff*

**ATTACHED EXHIBIT LIST**
A. Bright House Logo used for Advertisements
B. Plaintiff's Experian Consumer Disclosure, May 5, 2020, Excerpt
C. *Credit Reporting resource Guide*, Original Creditor Name Excerpt